**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>           Petitioner,<br><br>    vs.<br><br>MR. ZAKAN, Superintendent, and<br>DISTRICT ATTORNEY ALLEGHENY<br>COUNTY,<br><br>           Respondents. | Civil Action No. 2:23-cv-0747<br><br>Senior United States District Judge<br>Nora Barry Fischer<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

**I.      Recommendation**

Juan Hernandez, a state prisoner incarcerated at SCI-Albion,[1] filed a pro se

petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 5, 2023. ECF No.

1.  He is challenging the judgment of conviction imposed on him on December 5,

2022, by the Court of Common Pleas of Allegheny County at Docket No. CP-02-CR-

0005683-2021.[2]

---

[1]      When Hernandez initiated this case he was incarcerated at SCI Greene.  ECF No. 1.  The
DOC Inmate Locator reflects Hernandez has been transferred to SCI Albion.  *See*
https://inmatelocator.cor.pa.gov/#/Result.  On February 24, 2026, Petitioner was instructed to update
his address, ECF No. 9, but has failed to do so.  A copy of this Report and Recommendation will be
mailed to Hernandez at both his address of record, SCI Greene, and to SCI Albion.

[2]      The petition erroneously cites the docket number of Hernandez's underlying criminal case as
MJ-5003-CR-0003820-2021.  Respondents attached a copy of Hernandez's criminal case docket to
their answer.  ECF No. 5-3.  An up-to-date version of the docket sheet is available to the public
online at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0005683-
2021 (last viewed 4/8/2026).

The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.  For the reasons below, it is respectfully recommended the petition for a writ of habeas corpus be dismissed with prejudice and a certificate of appealability be denied.

## II.    Report

### A.    Relevant Background

On July 19, 2022, Hernandez pled guilty to one count of aggravated assault and one count of recklessly endangering another person in the Court of Common Pleas of Allegheny County at Case No. CP-02-CR-0005683-2021.  *See* Transcript, Guilty Plea Proceeding, 7/19/2022, T23-1229.  On December 5, 2023, Hernandez was sentenced to a term of imprisonment of 3 – 8 years.  ECF No. 5-3; *see also* Transcript, Sentencing Proceeding, 12/5/2022, T23-0120.  According to the state court docket, Hernandez neither filed a direct appeal nor filed a petition for state collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq*.  ECF No. 5-3; https://ujsportal.pacourts.us/Report/ CpDocketSheet?docketNumber=CP-02-CR-0005683-2021.

Hernandez filed the instant petition on April 28, 2023,[3] asserting three grounds for relief which appear to touch on allegations of ineffective assistance of counsel.  ECF No. 1, at 5, 7, and 9.  Respondents filed an Answer, along with the

---

[3]    Applying the prisoner mailbox rule, Hernandez's petition is deemed filed as of April 28, 2023, the day he placed it in the prison mailing system.

original state court record including the transcripts of the guilty plea proceeding and the sentencing hearing.  Respondents argue the Petition should be dismissed because Hernandez has failed to exhaust his claims[4] and, in the alternative, all of the claims are without merit.  *Id.* at 9-11.  Hernandez did not file a Reply nor has he filed anything in this matter since he filed the original petition in 2023.  The matter is fully briefed and ripe for consideration.

A review of the Petition, the Answer, and the relevant state court record, reveals the claims Hernandez raises in this petition have not been fairly presented to the state courts and therefore are procedurally defaulted.

## B.    Relevant Legal Standards

Before seeking habeas corpus relief in federal court, a state prisoner must first exhaust his remedies in state court.  *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan,* 526 U.S. at 842.  The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

---

[4]    At the time Respondents filed their Answer, the time to file a PCRA petition had not expired. Thus, Respondents argued that Hernandez had failed to exhaust his claims but the claims were not procedurally defaulted as a state remedy was still available as Hernandez could timely file a PCRA Petition.  ECF No. 5 at 11.  Even after the Answer was filed, however, Hernandez still did not file a PCRA petition.  *See* ECF No. 5-3.  Through the passage of time, the time to file a PCRA petition now has expired and state relief is procedurally barred.  As will be explained, when exhaustion is futile because state relief is procedurally barred, the claims are considered exhausted but are procedurally defaulted.

*Id.* In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (*superseded by statute* and *overruled on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012)). "In such cases, however, [petitioners] are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the" petitioner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." *Id.*; *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999).

### C.    Discussion

In this case, Hernandez was sentenced on December 5, 2022. His counseled post-sentence motion was denied on March 13, 2023. ECF No. 5-8. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review. *See* 42 Pa.C.S. § 9545(b)(3). Because Hernandez did not file a direct appeal, his conviction became final on April 12, 2023, thirty (30) days after the expiration of the time for seeking review.

The Pennsylvania Post-Conviction Relief Act ("PCRA") provides that a PCRA petition "shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim . . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1). As stated above, Hernandez did not file a PCRA petition. More than a year has passed since Hernandez's judgment of conviction became final and none of the aforementioned exceptions to the limitations period applies to Hernandez's claims. It is clear from the Petition, the Answer, and the relevant state court record, Hernandez has failed to present any of the claims contained in his federal petition to the state courts. Consequently, his claims are procedurally defaulted.

Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate "cause" for a procedural default, a petitioner must point to

some objective external factor which impeded his efforts to comply with the state's procedural rules. *See Murray v. Carter*, 477 U.S. 478, 488 (1986) (superseded on other grounds by Banister v. Davis, 590 U.S. 504, 514 (2020). "Prejudice" will be satisfied only if a petitioner can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. *See Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018).

In this case, Hernandez has not advanced any argument as to why the Court should excuse the procedural default of his claims. As stated, he has not filed anything since he filed original petition more than three years ago. As such, there is nothing in the record to establish that some objective external factor prohibited him from presenting the claims he raises in his federal petition during the state court proceedings and the outcome of the state proceeding was "unreliable or fundamentally unfair" or the failure to consider the claims will result in a fundamental miscarriage of justice.[5]

---

[5]    In the Petition, Hernandez claims "I'm Spanish & do not speak or understand English very well" to suggest he was "confused" at the time he unknowingly entered a guilty plea. ECF No. 1 at 2. Although not raised by Hernandez as an excuse to procedural default, the Court finds that if it were, it would not be an objective external factor which prohibited him from presenting his claims in state court first to excuse default. This is because the Petition itself is written in English without any indication there was the translation assistance of another. Additionally, the state court record reflects that Petitioner marked "yes" on his guilty plea colloquy form when asked "Do you read, write and understand the English language" which was initialed, signed, dated, and affirmed by Hernandez to be "true and correct." ECF No. 5-5 at 2, 11. Finally, the transcript of the plea hearing reflects that Hernandez engaged with the Court and entered a plea without the assistance of an interpreter. *See* T23-1229, Guilty Plea Proceeding, 7/19/2022.

### III.   Certificate of Appealability

AEDPA codified standards govern the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).  It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.*, § 2253(c)(2).

Hernandez is not entitled to a certificate of appealability as jurists of reason would not find it debatable that the claims presented in this habeas petition are procedurally defaulted and Hernandez has not advanced any argument as to why this Court should excuse the procedural default of his claims.

### IV.   Conclusion

For the above reasons, it is respectfully recommended the petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice as procedurally defaulted and Hernandez has failed to advance any argument as to why this Court should excuse the procedural default of his claims.[6]  It is further recommended a certificate of appealability be denied with respect to each claim.

---

[6]   This Report and Recommendation serves as notice of Hernandez's claim being subject to dismissal based on procedural default.  Hernandez has a reasonable opportunity to oppose the dismissal of his habeas petition through the filing of timely objections.

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, Hernandez, because he is a non-electronically registered party, must file written objections, if any, to this Report and Recommendation by **April 27, 2026**.  Respondents, because they are electronically registered parties, must file objections, if any, by **April 23, 2026.** The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983)).  *See also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 8th day of April, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    JUAN HERNANDEZ
QP-3783
SCI GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370
(via U.S. First Class Mail)

JUAN HERNANDEZ
QP-3783
SCI Albion
10745 Route 18
Albion, PA 16475-0001
(via U.S. First Class Mail)

Ashley N. Oravetz
Allegheny County District Attorney's Office
(via ECF electronic notification)